Melissa C. Allison (*pro hac vice*)
Sean M. Grammel (*pro hac vice*)
Sean P. O'Neill (*pro hac vice*)
ANDERSON & KREIGER LLP
50 Milk, 21st Floor
Boston, MA 02109
mallison@andersonkreiger.com
sgrammel@andersonkreiger.com
soneill@andersonkreiger.com
Telephone:   617.621.6500
Facsimile:   617.621.6612

*Attorneys for Defendant City of Mesa*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CAE Aviation Academy Phoenix, LLC, an Arizona limited liability company; and Thrust Flight Properties, LLC, an Arizona limited liability company, | Case No. CV-26-03325-PHX-KML |
| | Hon. Krissa M. Lanham |
| Plaintiffs, | **CITY OF MESA'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| City of Mesa, an Arizona municipal corporation, | |
| Defendant. | |

**<u>INTRODUCTION</u>**

The City of Mesa (the "City") opposes the motion of plaintiffs CAE Aviation Academy Phoenix, LLC, and Thrust Flight Properties, LLC (together, the "Plaintiffs") for expedited discovery. There is no "good cause" to grant Plaintiffs' unusual request. First and foremost, Plaintiffs' Complaint is facially deficient: they have no federal right of action, alleged no facts that could state a federal claim, and have not explained why this Court should exercise supplemental jurisdiction over their meritless state law claims. No amount of discovery from the City can change these deficiencies. The City addressed these purely legal issues in the City's Opposition to Plaintiffs' Motion for a Preliminary Injunction, Dkt. No. 15, and will argue them further in the City's forthcoming motion to dismiss. If anything should be expedited, it should be the resolution of these threshold legal issues.

Plaintiffs' Motion for Expedited Discovery ("Motion") could be denied for this reason alone, but other considerations also cut against it. Plaintiffs propose sweeping discovery that would impose a heavy burden on the City to quickly produce voluminous records—much of which Plaintiffs already possess or have access to—and make personnel available for depositions, all to provide information irrelevant to resolving Plaintiffs' request for a preliminary injunction. Given the breadth of the proposed requests for production and the number of depositions, Plaintiffs appear to seek full-blown discovery on the merits of their claims before the Court can decide their legal viability. Plaintiffs cannot use deficient claims to get overbroad discovery from the City on an expedited basis. The Court should deny Plaintiffs' Motion.

**<u>ARGUMENT</u>**

The Court should deny the Motion because there is no good cause to grant it: Plaintiffs' Complaint is legally deficient and they fail to explain why their broad proposed discovery is necessary or even related to the injunctive relief they seek.

**A. There is no "good cause" to grant Plaintiffs' Motion.**

When determining whether to grant a motion for expedited discovery, the Court's

1

ultimate inquiry is whether the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012). Among the factors the Court may consider in this analysis are "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* "But expedited discovery is not automatically granted merely because a party seeks a preliminary injunction," *American LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009), and the circumstances of this case do not justify expedited discovery.

In fact, discovery—whether expedited or conducted in the normal course—may be suspended where a dispositive motion is pending, especially if that motion deals purely with questions of law. *E.g., Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (where discovery is not required to address issues raised in a dispositive motion, discovery may be stayed pending a ruling on the motion); *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981) (discovery may be stayed when court "is convinced that the plaintiff will be unable to state a claim for relief"); *Arbit v. Schneider Electric SE*, No. CV-23-00533-PHX-SPL, 2023 WL 12140301, at *1 (D. Ariz. Aug. 28, 2023) ("[D]elaying discovery until the pleadings are settled reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources" (citation modified)). That is the situation here: Plaintiffs have failed to state a claim, and no amount of discovery can remedy those legal deficiencies. Therefore "any request to conduct discovery regarding the merits" of Plaintiffs' claims is "premature until the Motion to Dismiss is reviewed and the Court has determined which claims are procedurally viable." *Arbit*, 2023 WL 12140301 at *1; *see Kulkarni v. Upasani*, 659 F. App'x 937, 941 (9th Cir. 2016) (upholding denial of expedited discovery where plaintiff did not establish "good cause for why discovery must occur before disposition of the motion[] to dismiss"); *Conventus Orthopaedics Inc. v. Fusion Orthopedics USA LLC*, No. CV-24-01773-PHX-DJH, 2024 WL 3618422, at *12

2

(D. Ariz. Aug. 1, 2024) (no good cause for expedited discovery where plaintiff failed to show likelihood of success on its claims or irreparable harm).

Plaintiffs cite several cases in which courts allowed expedited discovery, but, tellingly, *none* of those cases involved a facially deficient complaint like the Plaintiffs'. Plaintiffs' cases instead involve claims or pending preliminary injunction motions that turned on critical factual disputes, mostly concerning trade secrets or intellectual property. *See J.P. Morgan Securities LLC v. Chamberlain*, No. CV-22-01217-PHX-DWL, 2022 WL 4094151 (D. Ariz. Sept. 7, 2022) (expedited discovery to establish plaintiff was likely to prevail on the merits of claim to enforce non-solicitation agreement); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273 (N.D. Cal. 2002) (expedited discovery to obtain technical schematics and manuals to aid plaintiff in identifying infringed patents, "expediting possible amendment to [the] complaint" and ultimately "conserv[ing] party and court resources"); *AssuredPartners of Cal. Ins. Servs. LLC v. Pahl*, No. CV-25-00693-TUC-RM, 2026 WL 194219 (D. Ariz. Jan. 26, 2026) (expedited discovery to establish "propriety and scope of injunctive relief"). This case stands on starkly different footing. The key question at the preliminary injunction stage here is whether Plaintiffs have a private right of action or can state a federal claim, not whether a competitor is continuing to harm the plaintiff's business during the pendency of a preliminary injunction. Without valid legal claims, Plaintiffs cannot burden the City with discovery, let alone on an expedited basis.

**B. Plaintiffs propose broad and burdensome discovery unnecessary to the preliminary relief Plaintiffs seek.**

Even if there were a factual issue relevant to Plaintiffs' motion for preliminary injunction (there is not), Plaintiffs have not identified what it is, much less what particular facts they need before a hearing to resolve it. *See Rovio Ent. Ltd.*, 907 F. Supp. 2d at 1099-1100 (denying expedited discovery where plaintiff "has not clearly shown that the information it seeks is needed . . . to obtain a preliminary injunction" and "has not articulated any specific missing evidence essential for injunctive relief"). Instead,

Plaintiffs merely recite the standard for a preliminary injunction, saying they "seek expedited discovery to prepare for the evidentiary hearing, at which they must show…a likelihood of success on the merits…along with irreparable harm."  Mot. at 4.

Plaintiffs never state the purpose of the expedited discovery they seek, but the extraordinary breadth of their requests for production reveals that Plaintiffs want to conduct full-blown discovery on the merits of their claims before the Court has ruled on their legal sufficiency.  *See* Mot. Ex. E.  Plaintiffs claim they need information concerning the City's "efforts to combat noise and congestion issues through implementing" the challenged landing fees, and "the City's financials concerning their projections and financial modeling."  Mot. at 3.  Among the fifteen sweeping requests for production in Exhibit E of Plaintiffs' Motion are requests for:

- "All documents, communications, social media posts whether made publicly or privately in a group or chat, correspondence, call logs and call sheets from residents and any and all other forms of communications concerning noise surrounding Falcon Field Airport from 2022 to the present day." Mot. Ex. E at Request 2.

- "All documents, communications, social media posts whether made publicly or privately in a group or chat, correspondence, call logs and sheets from residences [sic], and any and all other forms of communications concerning" the Plaintiffs "from 2024 to present day."  *Id.* at Requests 3-4.

- "All records concerning revenues incurred and realized by Falcon Field Airport from fiscal year 2022 onwards, including but not limited to:
    - o  Hangar rental revenue
    - o  Tiedown rental revenue
    - o  Ground lease revenue
    - o  Landing fees
    - o  Fuel flowage fees
    - o  Rental car concession fees

4

o   Any other operating or non-operating airport revenue.

The request for the foregoing records includes transaction-level detail, summaries or roll-ups, whether maintained in: [the City's] general ledger, subsidiary ledgers, enterprise fund accounting systems, airport-specific financial systems, or any external or third-party system used to track airport revenue." *Id.* at Request 6.

Plaintiffs make no effort to explain why this information is necessary for them to seek or obtain preliminary injunctive relief. *See American LegalNet, Inc.*, 673 F. Supp. 2d at 1069 (denying expedited discovery where movant has "shown no nexus" between requests and preliminary injunctive relief sought).

The sheer scope of the proposed discovery belies Plaintiffs' statement that they "seek limited discovery tailored to their pending Motion for Preliminary Injunction." Mot. at 4. "Clearly, the discovery [Plaintiffs] seek[] is not narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of [Plaintiffs'] claims in this action," which weighs strongly in favor of denying Plaintiffs' Motion. *American LegalNet, Inc.*, 673 F.Supp.2d at 1069 (denying plaintiff's motion for expedited discovery) (internal quotation omitted); *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, No. C12–2082JLR, 2013 WL 566949, at *11 (W.D. Wash. Feb. 13, 2013) (denying expedited discovery where plaintiff sought "wide, sweeping discovery related to its case in total" rather than discovery "'narrowly tailored' to the issues [plaintiff] envisions raising in a motion for preliminary injunction").

Plaintiffs would compound this already significant burden on the City by requesting an unreasonably short timeframe and a large set of potential witnesses. Plaintiffs propose that the City have a mere *seven days* to identify and provide all the documents responsive to Plaintiffs' overbroad requests for production—a response that could yield thousands of documents from multiple sources throughout City government. Mot. at 4. Moreover, Plaintiffs propose deposing five named parties and an indefinite number of non-parties in less than a month. Mot. at 4. Yet this burdensome and costly

endeavor would be an exercise in futility, because *nothing* in this proposed discovery could change the fact that Plaintiffs lack a private right of action and failed to state a claim. *See Rovio Ent., Ltd.*, 907 F. Supp. 2d at 1100 ("[T]he Court is unwilling to burden [d]efendants with expedited discovery that may be nothing more than superfluous evidence in establishing the elements necessary to obtain a preliminary injunction"); *Fluke Elecs. Corp.*, 2013 WL 566949 at *11 ("Given the broad scope of the requested discovery, the court . . . concludes that it would be overly burdensome to require [d]efendants to respond in an expedited fashion").

### C. Plaintiffs request information already in their possession or publicly available.

This is not a case like those cited by Plaintiffs, where a claim turns on information possessed only by private parties. *E.g. J.P. Morgan Securities LLC*, 2022 WL 4094151; *Semitool, Inc.*, 208 F.R.D. 273; *AssuredPartners*, 2026 WL 194219. Much of the material Plaintiffs seek is already in Plaintiffs' possession or is publicly available. Indeed, Plaintiffs cite some of this information in their Motion for a Preliminary Injunction. Mot. P.I. at 3-4 (citing the City's 2021 Airport Master Plan; Falcon Field – Fees and Charges: 5-Year Forecast (Feb. 2026); 2026-2030 Capital Improvement Program Project Funding Summary; City Council Fees & Charges Report (Mar. 23, 2026)). In addition, Plaintiffs mention that they submitted "a public records request over a month ago" but incorrectly state that they "have received no records in response." Mot. at 5. On May 6, the City replied to Plaintiffs with links to City websites that had information Plaintiffs requested, such as "hearing and legislative records—including staff reports, meeting agendas, and minutes," and further responded that Plaintiffs could easily access information about Falcon Field online. Mot. Ex. B. These sites contain much of the financial information Plaintiffs seek, including details of the City's budget, the City's expenditures, and budgets and expenditures for airport capital projects. *See* Open Budget: City of Mesa, AZ, https://openbudget.mesaaz. gov/#!/year/default (last visited June 1, 2026); Open Expenditures: City of Mesa, AZ, https://openexpenditures.mesaaz.gov/#!/year/

All%20Years/ (last visited June 1, 2026); City of Mesa, AZ – Capital Projects Explorer, https://cip.mesaaz.gov/projects/CP1222?categoryId=Transportation%20-%20Capital:Falcon%20Field%20Airport&tab=projects (last visited June 1, 2026).  There is no reason to require that the City incur the costs of providing Plaintiffs, on an expedited basis, information they already have.

### CONCLUSION

For the reasons above, Plaintiffs have failed to establish good cause for expedited discovery, and their Motion should be denied. *See Kulkarni*, 659 F. App'x at 941 (denying expedited discovery where plaintiff failed to show good cause).  Even if Plaintiffs "may ultimately be entitled to much of the discovery" they seek later in this case, they have "failed to demonstrate that expedited discovery is appropriate at this juncture."  *Rovio Ent., Ltd.*, 907 F. Supp. 2d at 1100.  The City urges the Court to hear the Motion for Preliminary Injunction and forthcoming Motion to Dismiss promptly.  If the Court then determines that factual issues must be resolved, the Court can continue the hearing on the preliminary injunction and address any requests for targeted expedited discovery.

Dated:   June 2, 2026

ANDERSON & KREIGER LLP

By:   */s/ Melissa Allison*
Melissa C. Allison (*pro hac vice*)
Sean M. Grammel (*pro hac vice*)
Sean P. O'Neill (*pro hac vice*)

*Attorneys for Defendant City of Mesa*

7