**Womble Bond Dickinson (US) LLP**

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

**Todd Feltus** (State Bar No. 019076)
Direct Dial: 602.262.5397
Direct Fax: 602.262.5747
Email: Todd.Feltus@wbd-us.com

**Yalda Godusi Arellano** (State Bar No. 034742)
Direct Dial: 602.262.5311
Email: Yalda.Arellano@wbd-us.com

**Katerina Grainger** (State Bar No. 038677)
Direct Dial: 602.262.5387
Email: Katerina.Grainger@wbd-us.com

*Attorneys for Plaintiffs CAE Aviation Academy*
*Phoenix, LLC and Thrust Flight, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CAE Aviation Academy Phoenix LLC, et al, | No. 2:26-cv-03325-KML |
| Plaintiffs, | **REPLY IN SUPPORT OF MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| City of Mesa, | |
| Defendant. | |

CAE and Thrust's request for expedited discovery arises from two decisions that the City of Mesa has made. First, notwithstanding the multiple legal deficiencies in Resolution 12480 imposing flight fees at Falcon Field, the City has insisted on implementing those illegal fees by the end of July. In addition, over six weeks after CAE and Thrust's April 17, 2026 Public Records Request to seek documents relevant to this action, the City has refused to produce them. On May 26, 2026, the City informed CAE and Thrust that nearly 250 documents have been "uploaded" and are waiting for "legal to review." It is unclear if those records are the first part of Defendant's rolling production or whether those encompass all of the responsive records. In either event, no records have been produced to date.

The City seeks to evade discovery by claiming that CAE and Thrust's complaint is legally deficient. But as detailed below, the claims asserted by CAE and Thrust state a valid

claim. Establishing those claims will require some limited discovery from the City, including the documents requested in April along with limited depositions after CAE and Thrust receive the requested documents. CAE and Thrust detail their good cause for expedited discovery below.

## I.   GOOD CAUSE EXISTS TO GRANT EXPEDITED DISCOVERY

CAE and Thrust merely seek discovery that they requested in their Public Records Request back on April 17, 2026, which primarily concern the financial records and financial planning as described in the Capital Improvement Program, the Capital Improvement Program – Program Summary, and Falcon Field's Fees and Charges Report. The City's balance sheets, revenue statements, analyses, thought process for determining the numbers, how it calculated the numbers and whether it included federal and state grant funding, are all within the City's possession, and if CAE and Thrust have the burden of demonstrating that the Resolution's new landing fees are unreasonable, burdensome, and pretextual—they need the numbers and analyses from Defendant to prove it.

Additionally, the proposed Requests for Production seek previous iterations of the Resolution and communications about noise surrounding Falcon Field—including any communications about CAE and Thrust. These requests are necessary so that CAE and Thrust can present evidence at the preliminary injunction hearing that the new landing fees were implemented to drive out flight schools like CAE and Thrust, and that the new landing fees were contemplated to be a new service on fees in violation of Section 25 of the Arizona Constitution.

The City argues that because it plans to file a motion to dismiss, no discovery should be granted. And while that is normally the course of litigation as contemplated in Rule 26, the textbook exception is when a plaintiff undergoes the intense and expedient measure of filing a motion for preliminary injunction where a Court must determine whether there is a likelihood of success on the merits.  The expedited relief sought is precisely why this Court regularly grants expedited discovery when a motion for preliminary injunction is pending— even when the case is in its early stages and there has yet been a response to the complaint

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

on file. *See, e.g.*, *J.P. Morgan Sec. LLC v. Chamberlain*, No. CV-22-01217-PHX-DWL (D. Ariz. Sept. 7, 2022) (granting motion for expedited discovery (Doc. 28) before response to complaint was filed); *AssuredPartners of California Ins. Servs. LLC v. Pahl*, No. CV-25-00693-TUC-RM (D. Ariz. Jan. 26, 2026) (granting motion for expedited discovery and scheduling order (Doc. 22) before response to complaint was filed (Doc. 26)); *Whaleco Inc. v. Arroyo*, No. CV-24-00036-PHX-SPL (D. Ariz. June 5, 2024) (same); *BakeMark USA LLC v. Pastis*, No. CV-23-02674-PHX-SMB (D. Ariz. Jan. 12, 2024) (granting expedited discovery after granting temporary restraining order and setting a preliminary injunction hearing (Doc. 20) but before a response to complaint was filed (Doc. 40)).

And this makes sense because the first factor the Court must consider when adjudicating a motion for preliminary injunction is: "[l]ikelihood of success on the merits [which] is a threshold inquiry and is the most important factor." *Env't Prot. Info. Ctr.* v. *Carlson,* 968 F.3d 985, 989, 992 (9th Cir. 2020) (reversing "district court's denial of the requested preliminary injunction" and concluding that plaintiff "will succeed on the merits of its claim; that it will suffer irreparable, though limited, harm; and that it has demonstrated that the balance of equities and the public interest weigh in its favor"). "Expedited discovery has been ordered where it would 'better enable the court to judge the parties' interest and respective chances for success on the merits' at a preliminary injunction hearing." *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (citation omitted); *see* Fed. R. Civ. P. 26(d) advisory committee's note to the 1993 amendment (expedited discovery appropriate "in some cases, such as those involving requests for a preliminary injunction").

The City argues that no good cause exists because the complaint is legally deficient. But seeking declaratory relief that a local law is preempted by federal law is a viable claim. *See BNSF Ry. Co. v. California Dep't of Tax & Fee Admin.*, 904 F.3d 755, 767–68 (9th Cir. 2018) (affirming district court's order enjoining the implementation of SB 84 because it is preempted by federal law and underlying complaint at Doc. 1 in 3:16-cv-04311 sought declaratory and injunctive relief for preemption claims). And while Defendant argues that

- 3 -

there is no implied private right of action under the Anti-Head Tax Act, it only cited to **non-binding** case law—not binding precedent—to support that proposition. (Doc. 15 at 9.) As to the Dormant Commerce Clause claim, CAE and Thrust have alleged in the operative verified complaint and argued in their Motion for Preliminary Injunction that the stated purpose of the Resolution is illusory, as in *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977), and *Raymond Motor Transportation, Inc. v. Rice*, 434 U.S. 429 (1978).

The First Amended Complaint alleges diversity jurisdiction, and the Court has subject-matter jurisdiction over the state law claims. Faced with an invalid Resolution that conflicts with the City Charter because an ordinance was required to amend the City Council's authority under the City Code, the City contends CAE and Thrust cannot succeed on Count Four because Chapter 9-9 of Mesa City Code provides no private right of action. But Arizona courts have recognized an implied private right of action where the intended beneficiary of the challenged law brings suit for its violation. *See Chavez v. Brewer*, 222 Ariz. 309, 318, ¶ 28 (App. 2009). And in similar circumstances, Arizona courts have allowed plaintiffs who are subjected to an unlawful fee to challenge it in court. *See, e.g., Home Builders Ass'n of Cent. Arizona, Inc. v. Riddel*, 109 Ariz. 404 (1973). Further, The City attacks the Open Meeting Law claim and Arizona Constitution claim on the merits—not on purported private right of action grounds.

These viable claims, coupled with the pending Motion for Preliminary Injunction (Doc. 2), require discovery and weigh in favor of expedited discovery. The tailored requests as outlined in the proposed Requests for Production (Doc. 13-5), and the fact that CAE and Thrust attempted to obtain much of the requested discovery over 6 weeks ago, further weigh in favor of granting their Motion for Expedited Discovery.

**II.    THE CITY OFFERS FUTILE REASONS TO WITHHOLD DISCOVERY**

The City argues that CAE and Thrust's proposed Requests for Production (Doc. 13-5) along with the shortened timeframe requested would impose a "significant burden", but the City is the one who is deciding to implement the unlawful landing fees by end of July

- 4 -

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

2026. And the City is the one who has been sitting on the Public Records Request since April 17, 2026, further creating the need for expedited discovery.

It argues that much of the information is publicly available (it is not, which is why CAE and Thrust have made a public records request and are seeking expedited discovery now) while also arguing a contradictory position that responses to the proposed requests for production would be voluminous and costly. The City cannot oscillate between two contradictory positions when it suits them—particularly when it is the one who created the need for the expedited need for discovery.

## III.    CONCLUSION

CAE and Thrust respectfully request this Court to grant their Motion for Expedited Discovery. Courts regularly grant expedited discovery when a motion for preliminary injunction is pending like one is here—and for good reason—a resolution on the likelihood of merits requires a record, and if the keeper of those records withholds production—it is not only the requesting party who suffers, but the Court as well.

DATED this 5th day of June 2026.

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Yalda Godusi Arellano*
Todd Feltus
Yalda Godusi Arellano
Katerina Grainger
*Attorneys for Plaintiffs CAE Aviation Academy*
*Phoenix, LLC and Thrust Flight, LLC*